# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2086

_____

Kevin Allen Walker,                          *
                                             *
    Plaintiff - Appellant,           *
                                             *    Appeal from the United States
    v.                               *    District Court for the
                                             *    District of Minnesota.
United States of America,                    *
                                             *
    Defendant - Appellee.            *

_____

Submitted:  February 13, 1997

Filed:  June 6,  1997

_____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 1989 Kevin Walker pleaded guilty to violating 18 U.S.C. § 924(c) by using and carrying a firearm during and in relation to a drug trafficking crime.  In the wake of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), Walker filed this 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction.  The district court[1] denied the motion, Walker appeals, and we affirm.

In November 1988, police arrested Andre Billups as he delivered eight ounces of cocaine to an undercover agent.  Billups agreed to cooperate in the on-going drug investigation.  Later that  day, he called Walker to arrange another transaction, and the two

_____

[1]The  HONORABLE  JAMES  M.  ROSENBAUM,  United States District Judge for the District of Minnesota.

agreed to meet outside the American Legion Post in St. Paul. Walker said he would be driving a cream-colored van. Police arrested Walker and his passenger, Felicia Gude, when they arrived at the American Legion. In the van, police found ten ounces of cocaine plus the keys and an insurance slip to a blue Mercedes auto then parked outside Ms. Gude's home. In the trunk of the Mercedes, police later found one kilogram of cocaine and three nine-millimeter firearms.

Walker was indicted on two drug trafficking counts and one count of using and carrying the firearms during and in relation to a drug offense. After the district court denied Walker's motion to suppress evidence found in the Mercedes, Walker pleaded guilty to all three counts, reserving the right to appeal the suppression issue. At his change of plea hearing, Walker admitted that he violated § 924(c), specifically acknowledging that he was guilty of "carrying" the firearms in the trunk of his Mercedes. Walker received a lengthy sentence on the drug counts plus a consecutive sixty-month sentence on the § 924(c) count. We vacated the fine portion of his sentence and affirmed. United States v. Walker, 900 F.2d 1201 (8th Cir. 1990).

After the Supreme Court decided Bailey, Walker moved to vacate his § 924(c) conviction, arguing that the "record of his plea" demonstrates that he merely stored firearms and drugs in the trunk of the Mercedes, and therefore he cannot be guilty of violating § 924(c) as construed in Bailey. Like the district court, we reject this collateral attack on Walker's guilty plea.

1. The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless "on the face of the record the court had no power to enter the conviction or impose the sentence." United States v. Vaughan, 13 F.3d 1186, 1188 (8th

Cir. 1994), quoting United States v. Broce, 488 U.S. 563, 569 (1989). This is a restrictive doctrine, and properly so. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom. When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (citations and quotations omitted).

In Bailey, the Supreme Court held that "use" of a firearm under § 924(c) means actively brandishing the weapon, not merely storing the weapon with a stash of drugs or cash. Walker argues that transporting guns in the trunk of his car may not constitute either "using" or "carrying" for purposes of § 924(c) after Bailey. But the question whether firearms transported in a vehicle are being used or carried, or are merely being stored, is fact-specific.[2] It is precisely the type of issue that was waived by Walker's guilty plea, a plea supported by his express admission at the change-of-plea hearing that he in fact used and carried the firearms during and in connection with his drug trafficking crimes. As the Supreme Court said in McMann v. Richardson, 397 U.S. 759, 774 (1970):

> It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing . . . . Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to

---

[2]Compare United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997); United States v. Molina, 102 F.3d 928, 930-31 (7th Cir. 1996); United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir. 1996); United States v. Freisinger, 937 F.2d 383, 387-88 (8th Cir. 1991).

-3-

> show that his plea was not, after all, a knowing and intelligent act.

See also Broce, 488 U.S. at 569-574; United States v. Timmreck, 441 U.S. 780, 784 (1979); Brady v. United States, 397 U.S. 742, 756-57 (1970); cf. North Carolina v. Alford, 400 U.S. 25, 37-38 (1970); Hill v. United States, 368 U.S. 424, 429 (1962).

By voluntarily pleading guilty, Walker waived the right to litigate the factual boundaries of the terms "use" and "carry," and the government, relying upon that waiver, only placed in the record sufficient information to provide a factual basis for the plea. It would undermine the administration of justice if Walker could retract that waiver years later, when the government's ability to prove its case is compromised by the passage of time. Thus, although Bailey changed the law of this circuit regarding § 924(c) "use" violations, Bailey does not provide a basis for § 2255 relief to one whose guilty plea led to a § 924(c) conviction, unless that guilty plea was invalid.

2. There remains a related issue that Walker did not raise on appeal -- the possible impact of Bailey on the *validity* of his guilty plea. To be valid, a guilty plea must be knowing and voluntary. See McCarthy v. United States, 394 U.S. 459 (1969). Before entering judgment on a guilty plea, the district court makes "such inquiry as shall satisfy it that there is a factual basis for the plea," Fed. R. Crim. P. 11(f), and at any time before sentencing the court "may permit the plea to be withdrawn if the defendant shows any fair and just reason," Rule 32(e). Thus, even if a § 924(c) charge has proceeded to sentencing based upon a plea of guilty entered prior to Bailey, it may be appropriate to give defendant an opportunity to withdraw that plea if Bailey casts sufficient doubt on the plea's factual basis, or on whether it was knowingly entered.

However, Walker is proceeding by a § 2255 motion, a collateral attack on his guilty plea.  The issue of the plea's validity is procedurally defaulted, and therefore Walker must show cause and prejudice to excuse his procedural default.  See United States v. Frady, 456 U.S. 152 (1982); Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996).  Because Walker pleaded guilty to both using and carrying the firearms in violation of § 924(c), to establish prejudice he must show that his plea was invalid *as to both the "use" and "carry" prongs of that statute.*  See Williams v. United States, 98 F.3d 1052, 1055 (8th Cir. 1996), cert. denied, 117 S. Ct. 1327 (1997).  But as we have noted, Bailey did nothing to undermine a plea that Walker "carried" the firearms in violation of § 924(c).  See United States v. Willis, 89 F.3d 1371, 1378 (8th Cir.), cert. denied, 117 S. Ct. 273 (1996).  If there was an adequate factual basis for that plea when entered, Bailey provides no reason to disturb it.  Thus, even if Bailey might permit collateral attack of a plea that was limited to "use" of a firearm in violation of § 924(c) -- an issue we do not consider -- any challenge to the validity of Walker's § 924(c) guilty plea is procedurally barred.

The order of the district court is affirmed.

A true copy.

        Attest:


            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-