United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1310NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Nebraska. |
| | * | |
| Shannon E. Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 19, 1997
Filed: July 7, 1997

_____

Before McMILLIAN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

After police caught Shannon E. Williams leaving a train station in a car containing drugs, Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base. See 21 U.S.C. §§ 846, 841(a)(1) (1994). Following his conviction, sentencing, and direct appeal, Williams filed this 28 U.S.C. § 2255 motion claiming police initiated an interrogation before reading his Miranda rights in violation of the Fifth Amendment, the Government violated his right to confront an adverse witness by denying a confidential informant's existence, his arrest and search

violated the Fourth Amendment, and his trial attorney was constitutionally ineffective in failing to file pretrial motions to suppress evidence seized during the arrest.

A valid guilty plea generally waives all nonjurisdictional claims of constitutional error, however. See Walker v. United States, No. 96-2086, 1997 WL 298449, at *1 (8th Cir. June 6, 1997); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) (per curiam). Williams is bound by his plea and his resulting conviction unless he can prove serious derelictions on the part of counsel sufficient to show his plea was not a knowing and voluntary act. See Walker, 1997 WL 298449, at *2. Williams contends his guilty plea was not voluntary because counsel pressured him into pleading guilty. The district court correctly rejected this contention as meritless based on Williams's responses in his petition to enter a guilty plea and during the plea hearing. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995). Williams also contends his plea was involuntary because his attorney misadvised him to plead guilty based on evidence that should have been suppressed. Williams asserts his attorney wrongly decided not to file suppression motions challenging the search of a codefendant's locked luggage and the use of a confidential informant. After reviewing the totality of the circumstances, the district court concluded counsel reasonably decided not to file any suppression motions because Williams lacked standing to challenge the search of his codefendant's luggage and the use of the confidential informant to establish probable cause was "most probably constitutional." We agree with the district court that Williams failed to show his attorney's performance was not within "'the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Thus, Williams's ineffective assistance claim fails on the merits, and Williams cannot avoid the consequences of pleading guilty. See id. at 58-59 (Strickland performance/prejudice standard must be satisfied to set aside guilty plea for ineffective assistance); Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990) (same). By his knowing and voluntary guilty plea, Williams waived all the claims he now wants considered.

The district court's allegedly premature denial of Williams's § 2255 motion was harmless error, at most. The parties had submitted all materials they deemed relevant, and had made no requests for discovery, expansion of the record, or an evidentiary hearing before the denial. Although the parties filed a motion to suspend the briefing schedule pending a decision on a codefendant's discovery request in a separate § 2255 proceeding, the court ultimately denied the motion. The court did not abuse its discretion in refusing to reconsider its § 2255 ruling in this case.

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.