# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3398

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| James Dewey Hambrick, | * | **[TO BE PUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  April 16, 2002

Filed: August 8, 2002

_____

Before WOLLMAN, LOKEN and MURPHY, Circuit Judges.

_____

PER CURIAM.

On February 8, 2001, James Dewey Hambrick received a 52-hour pass to leave the City of Faith Halfway House, where he was in the custody of the Attorney General by reason of a prior federal conviction, to stay at his mother's house in Little Rock, Arkansas.  That evening, a random telephone check revealed that Hambrick had left his mother's house without permission.  He eventually returned to custody the morning of February 11, nearly twenty-four hours late.  In March, he was indicted for escaping from federal custody in violation of 18 U.S.C. § 751(a).

Hambrick was then released to the custody of his mother under electronic monitoring. In late April, he failed to report for drug treatment, removed his monitoring bracelet, and absconded from supervision. Revocation proceedings were instituted, and Hambrick was sentenced to eleven months in prison for violating the terms of his supervised release. A jury then convicted him of this escape offense, and the district court[1] sentenced him to six additional months in prison, consecutive to the undischarged term of his eleven-month revocation sentence. Hambrick now appeals his conviction and the consecutive aspect of his six-month sentence. We affirm.

Hambrick argues that the district court abused its discretion by admitting evidence of two other bad acts in violation of Rule 404(b) of the Federal Rules of Evidence. First, he challenges testimony that he previously escaped from the City of Faith Halfway House in 1998 and was returned to prison as a result of this violation. We agree with the district court that this evidence was admissible to prove Hambrick's intent to commit the instant offense. To prove a violation of 18 U.S.C. § 751(a), the government must show "that an escapee knew his actions would result in his leaving physical confinement without permission." United States v. Bailey, 444 U.S. 394, 408 (1980). Second, Hambrick challenges testimony that he tested positive for cocaine when he returned to City of Faith following this escape. This was not Rule 404(b) evidence because it related to the circumstances of the charged offense. See United States v. Orozco-Rodriguez, 220 F.3d 940, 941 (8th Cir. 2000). It was relevant and not unfairly prejudicial because a condition of Hambrick's weekend pass was that he not use or possess narcotics, so evidence he violated that condition tended to prove a knowing escape.

Finally, Hambrick argues the district court abused its discretion in making his six-month sentence consecutive to the undischarged term of his eleven-month

---

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

revocation sentence. We disagree. The revocation sentence was not based upon this offense, Hambrick's escape from City of Faith in February 2001. Rather, it was based upon subsequent misconduct, his April 2001 violation of the conditions of his pretrial release in this case, which occurred while he was still serving a term of supervised release from the earlier conviction. In these circumstances, the Guidelines expressly give the sentencing judge discretion to impose a consecutive sentence. See U.S.S.G. § 5G1.3(c). The district court did not abuse its discretion in imposing a consecutive sentence. Indeed, Application Note 6 to Section 5G1.3, while not controlling, strongly supports a consecutive sentence in this situation.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.