# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Lee Sherman Beene, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   January 23, 2003

Filed:   January 28, 2003

_____

Before McMILLIAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Lee Sherman Beene appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas after he pleaded guilty to escape, in violation of 18 U.S.C. § 751(a).  The district court sentenced Beene to 37 months imprisonment and 3 years supervised release.  Counsel has moved to withdraw on appeal pursuant to Anders v. California, 386 U.S. 738 (1967), and has filed a brief

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

raising the following issues: whether the guilty plea was valid, whether Beene's right to counsel was honored when the court appointed substitute counsel, whether the offense was actually failure to report, whether escape qualifies as a crime of violence for the career-offender enhancement, whether the sentencing court should have departed downward, whether Beene was afforded his right to allocution, whether the sentence was within the Guidelines range, and whether the sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Beene has filed a letter, which we construe as a pro se supplemental brief, challenging the underlying facts of the offense and contending that his counsel was ineffective. For the reasons discussed below, we affirm the judgment of the district court.

All of the raised issues lack merit. Before accepting Beene's plea, the district court found Beene competent, see Godinez v. Moran, 509 U.S. 389, 396 (1993) (holding criminal defendant must be competent to enter guilty plea); and the court ended the sentencing hearing due to counsel's lack of preparation, and appointed substitute counsel to represent Beene when sentencing resumed, see Manning v. Bowersox, 310 F.3d 571, 575 (8th Cir. 2002) (noting criminal defendants are guaranteed right to counsel at all critical stages of criminal proceedings). The furlough application Beene signed acknowledged that he was still in federal custody when he was released to report to a halfway house, see United States v. Hambrick, 299 F.3d 911, 913 (8th Cir. 2002) (per curiam) (holding that to prove violation of § 751(a), government must show escapee knew his actions would result in his leaving physical confinement without permission); and in this Circuit, every escape qualifies as a crime of violence, see United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001). Further, the district court's decision not to depart is unreviewable because the record shows the court recognized its departure authority, see United States v. Koons, 300 F.3d 985, 993-94 (8th Cir. 2002); the district court afforded Beene the right to speak at the sentencing hearing, and he did so, see United States v. Kaniss, 150 F.3d 967, 969 (8th Cir. 1998) (holding right of allocution is not violated if defendant knows he may speak on his behalf before imposition of sentence and does so); the sentence

imposed was within the applicable Guidelines range; and <u>Apprendi</u> does not apply here because the 37-month sentence is not above 18 U.S.C. § 751(a)'s statutory maximum of 5 years, <u>see</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 932 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1026 (2000).

Also, Beene's guilty plea forecloses any argument about his intent to commit the offense, <u>see</u> <u>Walker v. United States</u>, 115 F.3d 603, 604 (8th Cir. 1997); <u>O'Leary v. United States</u>, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam); and any claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion, <u>see</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

We have reviewed the record independently for any nonfrivolous issues, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we have found none. Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.