# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3005

_____

United States of America,            *
                                     *
              Appellee,              *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Eastern District of Arkansas.
Geary Allmon, Jr.,                   *   [UNPUBLISHED]
                                     *
              Appellant.             *

_____

Submitted: December 12, 2006
Filed: February 14, 2007

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Geary Allmon pleaded guilty to misprision of a felony, a violation of 18 U.S.C. § 4, and was sentenced to thirty months' imprisonment by the district court.[1] He now asks us to remand his case to the district court so that he may withdraw his guilty plea. He also argues that the denial of his motions to sever his trial from the trial of his co-defendants was improper. We affirm the conviction.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

# I.

Allmon, along with several others, was indicted for conspiring to murder a federal witness, a violation of 18 U.S.C. § 1512(k), as well as for aiding and abetting the attempted murder of that same witness, a violation of 18 U.S.C.§ 1512(a)(1)(A) and 18 U.S.C. § 2. Allmon was alleged to have participated in telephone conversations in which he and others discussed murdering a potential witness against Allmon's uncle.

Pursuant to a plea agreement, Allmon eventually pleaded guilty to a superseding information charging him with misprision of a felony, a violation of 18 U.S.C. § 4. At the sentencing hearing, the district court judge asked the prosecutor if she thought that she could have proved the original charges against Allmon if the case had gone to trial. The prosecutor responded, "No, your Honor. As the proof developed and cooperators came forward, we could not have proven those original charges."

# II.

Allmon contends that his guilty plea was coerced and unfairly obtained because he was essentially tricked or coerced into pleading guilty by the threat of prosecution on charges the government did not believe it could have proved at trial.

Claims that a guilty plea was involuntary or coerced must first be presented to the trial court in a motion to withdraw the guilty plea and are not cognizable on direct appeal. United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). Accordingly, because Allmon did not first present his claim to the district court, it is not properly before us.

Allmon also claims that the district court erred in denying his motions to sever his trial from the trial of his co-defendants. Because Allmon's plea agreement was unconditional, however, he may not challenge the denial of his severance motions on appeal. See United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) ("The general rule is that a valid guilty plea waives all non-jurisdictional defects.") (quoting Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997)).

The conviction is affirmed.

_____