# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1476

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　*　of South Dakota.
Shawn Burnette,　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*

_____

Submitted: December 11, 2007
Filed: March 11, 2008

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Shawn Lee Burnette pled guilty to one count of conspiracy to distribute, or possess with intent to distribute, methamphetamine. The district court[1] sentenced him to 188 months in prison. Burnette appeals contending that the district judge should have recused, the determination of drug quantity was in error, two levels for acceptance of responsibility should have been awarded, the district court misapprehended its discretion to sentence under 18 U.S.C. § 3553(a), and the sentence

_____

[1] The Honorable Charles B. Kornmann, United States District Court for the District of South Dakota.

was unreasonable. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

## II.

Shawn Burnette was indicted on one count of conspiracy to distribute, or possess with intent to distribute, methamphetamine and one count of conspiracy to manufacture meth, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Burnette pled guilty to the distribution count without a plea agreement.

After plea, but before sentencing, Burnette was called by the defense to testify at the sentencing of Rudy Garcia, a co-conspirator. At Garcia's sentencing, Burnette testified that Garcia had not sold illegal drugs, there were not many drug dealers on the Rosebud Reservation, and an FBI agent lied about Burnette's earlier statements. The judge did not believe Burnette, finding he "was lying." After the hearing, the government advised Burnette's counsel that he had testified and was found not credible. Burnette was sentenced by the same judge who sentenced Garcia. At the beginning of the hearing, the judge asked Burnette's counsel whether he was aware of the adverse findings made at the Garcia sentencing. Counsel responded that he was aware.

The PSR attributed 3,647.47 grams of meth to Burnette, for a base offense level 34. The PSR also recommended a two-level enhancement for possession of a gun, and disallowance of a two-level reduction for acceptance of responsibility because Burnette admitted to only eight percent of the drug amount attributed to him. With no criminal history, Burnette's recommended guideline range was 188 to 235 months. Burnette objected to the drug quantity, the firearm enhancement, and the denial of acceptance-of-responsibility credit.

Because Burnette objected to the PSR, the government began calling witnesses. One witness testified that he told law enforcement he purchased meth from Burnette 300 to 400 times, but later changed his statement to 20 times. Asked to explain the change, the witness testified that Burnette "threatened my family and me." The court told Burnette that the witness's testimony could result in a serious charge against him, and recessed the hearing to allow Burnette to consult with counsel. After the recess, Burnette's counsel stated that they were going to "withdraw our objections to the presence report and let it stand as it was originally issued by the probation officer." The government agreed not to seek additional charges against Burnette, or an obstruction-of-justice enhancement. The court asked Burnette if that was what he wanted to do, and he replied "Yes, sir." The court then denied all objections to the PSR as moot, and accepted the PSR guidelines range of 188 to 235 months. Recognizing that it "is required to consider not only the Federal Sentencing Guidelines but the statutory factors set forth in 18 United States Code, Section 3553," the court sentenced Burnette to 188 months because it did "not believe this is an appropriate case for a variance."

## II.

### A.

Burnette argues that the district judge should have recused due to bias from his testimony at Garcia's sentencing. Burnette did not object, or move for recusal. Therefore, this court may review only for plain error. *See* *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir. 2003).

A judge must recuse if "his impartiality might reasonably be questioned" because of bias or prejudice. **28 U.S.C. § 455**. Bias and prejudice can result from knowledge that the judge should not possess. *Liteky v. United States,* 510 U.S. 540, 550 (1994). "[O]pinions formed by the judge on the basis of facts introduced or

events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. "Rules against 'bias' and 'partiality' can never mean to require the total absence of preconception, predispositions and other mental habits." *See United States v. Bernstein,* 533 F.2d 775, 785 (2nd Cir. 1976), *cited with approval in, United States v. Thirion,* 813 F.2d 146, 155 (8th Cir. 1987).

The district judge here did not plainly error by not recusing *sua sponte*. It was proper for the judge to note that he had found Burnette not credible at Garcia's sentencing. *See Thirion,* 813 F.2d at 155 (recusal not required from Thirion's trial where judge previously stated at co-defendant's sentencing that Thirion's criminal conduct was greater than the co-defendant's).

Burnette argues that the sentence of 188 months demonstrates the judge's antagonism. After noting he found Burnette lied at Garcia's sentencing, the judge stated: "I firmly believe that this defendant is one of the – or was one of the big time drug dealers on Rosebud." District courts must make these types of credibility determinations and findings of fact in order to sentence defendants individually. *See* **18 U.S.C. § 3553(a)** (listing the sentencing factors the district court must consider for each defendant). A sentence at the low end of the advisory guideline range, for a defendant found to be a "big time drug dealer," does not demonstrate deep-seated antagonism that would make fair judgment impossible.

B.

Burnette asserts several sentencing errors. This court reviews the district court's interpretation and application of the guidelines de novo, and its factual findings for clear error. *See United States v. Peterson,* 455 F.3d 834, 837 (8th Cir. 2006).

Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*Gall v. United States,* 128 S.Ct. 586, 597 (2007). Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court. *See United States v. Pirani,* 406 F.3d 543, 550 (8th Cir. 2005) (en banc). A defendant need not object to preserve an attack on the substantive reasonableness of a sentence, however. *See United States v. Wiley,* 509 F.3d 474, 476-77 (8th Cir. 2007) (no objection required to preserve error where a defendant asserts only that the length of the sentence is unreasonable), *citing United States v. Torres-Duenas,* 461 F.3d 1178, 1182-83 (10th Cir. 2006) ("We have held that when the defendant fails to object to the method by which the sentence was determined, . . . we review only for plain error. But when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue.") (citation omitted).

Burnette claims that the district court erred in determining the drug quantity attributed to him. A drug quantity is a finding of fact reviewed for clear error when objected to at sentencing, or plain error if the defendant does not object. *See United States v. Mickelson,* 378 F.3d 810, 821 (8th Cir. 2004). A defendant who withdraws

all objections to the PSR, however, waives all arguments regarding those facts on appeal. *See **United States v. White,*** 447 F.3d 1029, 1032 (8th Cir. 2006).

Burnette admits withdrawing his objections to the PSR, but contends that because he withdrew them after four witnesses testified, objections as to those witnesses were not withdrawn. The record indicates otherwise. Burnette's counsel stated, and Burnette agreed, that "we are going to, at this time, Your Honor, withdraw our objections to the presentence report and *let it stand as it was originally issued by the probation office*." This court need not address Burnette's arguments regarding drug quantity because he waived this argument. *See **United States v. Olano,*** 507 U.S. 725, 733 (1993) (explaining the difference between forfeiture which may receive plain error review, and waiver, which receives no review).

Burnette contends he should have received a reduction of at least two offense levels for acceptance of responsibility because he pled guilty. *See ***U.S.S.G. § 3E1.1***. Because Burnette withdrew all objections to the PSR, which denied credit for acceptance of responsibility, he also waived this argument on appeal. *See **United States v. Thompson,*** 289 F.3d 524, 526-27 (8th Cir. 2002).

Burnette argues that the district court applied a presumption of reasonableness to a guidelines sentence, contrary to *Rita v. United States*, and misapprehended its discretion under 3553(a), contrary to *Gall v. United States* – both decided after his sentencing. *See **Rita v. United States,*** 127 S.Ct. 2456, 2465 (a presumption of reasonableness for guidelines sentences is permissible, but only as "an *appellate* court presumption"); ***Gall,*** 128 S.Ct. at 594-95 (rejecting an appellate rule requiring "extraordinary" circumstances to justify a non-guidelines sentence, but allowing appellate courts to take the degree of variance from the guidelines range into account). This is a claim of procedural error. *See **Gall,*** 128 S.Ct. at 597 (treating the guidelines as mandatory is a procedural error).

After withdrawing his objections to the PSR, Burnette made no further objections to his sentence. As Burnette did not object to the sentence, this court may review only for plain error. *See* **Pirani,** 406 F.3d at 550; **United States v. Guarino,** ___ F.3d ___, ___ (8th Cir. 2008), No. 07-2350, slip op. at 2 (8th Cir. Feb. 29, 2008). Under plain error review, it is the defendant's burden to prove (1) there was error, (2) that was plain, and (3) affects substantial rights. *See* **Johnson v. United States,** 520 U.S. 461, 466-67 (1997); **Fed. R. Crim. Pro. 52(b)**. The appellate court should exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See* **Johnson,** 520 U.S. at 467, *quoting,* **Olano,** 507 U.S. at 732 (alteration in original).

At sentencing, the district court stated:

I know that the Court of Appeals is very tough on variances, sentencing outside the guidelines. A sentence within the guidelines is presumed to be reasonable, and it appears to me that sentences below the guidelines range to amount to anything are not easily accomplished.

In light of *Rita* and *Gall*, the district court (understandably) erred. *See* **Rita,** 127 S.Ct. at 2465; **Gall,** 128 S.Ct. at 597; **United States v. Greene,** ___ F.3d ___, ___ (8th Cir. 2008), No. 07-1479, slip op. at 5 (8th Cir. Jan. 30, 2008) (district court erred by stating "I do not believe based on current Eighth circuit law that I am permitted to do a variance in this case"). Further, this error is plain. *See* **Johnson,** 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration.").

The issue is whether the error affected a substantial right. An error affects a substantial right if it is prejudicial. *See* **Olano,** 507 U.S. at 734. In sentencing, an error is prejudicial if there is a reasonable probability the defendant would have

received a lighter sentence but for the error.  *See **Pirani,*** 406 F.3d at 552 ("[B]efore we may consider whether to exercise our discretion . . . to review a forfeited *Booker* error, the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence.").

Burnette emphasizes the district court's statement:  "Congress has made the decision, and I have to follow the law whether I agree with it or not, that people doing drugs, selling drugs, should be locked up for long periods of time."  He argues this statement demonstrates a reasonable probability the district court would have given him a lighter sentence, because the offense he pled guilty to did not have a mandatory minimum sentence.  This statement was not made in the context of determining Burnette's specific sentence, however.  The district court made this statement while discussing *others* convicted of drug offenses on the Rosebud Reservation.  The district court was expressing a general belief that treatment, rather than lengthy prison terms, might better serve drug offenders on the reservation.  In context, this statement does not show a reasonable probability that the district would have given *Burnette* a shorter sentence.

The district court did express some disagreement with the guidelines:

I never have liked these Federal Sentencing Guidelines, I think they are terrible, and I have expressed that about a thousand times, but at least with the drug guidelines, the sentence is basically the same whether you are in Sioux City or Pierre or Rosebud.  Native Americans are not singled out as they are with the rest of these sentencing guidelines. . . . I agree that they are too harsh, that isn't the way that I would do it, but that's what we have.  Congress does lots of things all the time that I don't agree with, but I can't do anything about it.

Relating specifically to Burnette's sentence, the district court stated:

> In the time that I have been on the bench since 1995, I have not seen a case go downhill in the manner that this case has. This defendant reminds me of the adage that some people have expressed about Iraq, when you get yourself into a hole, stop digging, and this defendant never stopped digging, from day one. . . . If the defendant had been sentenced with an obstruction of justice enhancement, his minimum sentence would be 20 years. . . . [O]f course a federal judge takes a very dim view of anybody threatening a witness under any circumstances or even interfering with the process of the courts, and I have hammered a lot of people, I'm talking of course defendants, on those kind of activities. . . . I think [Burnette's] denials here have all been not truthful, but he did plead guilty, as [Burnette's counsel] points out. And I firmly believe that this defendant is one of the – or was one of the big time drug dealers on Rosebud. . . . [T]he last thing we need is somebody bringing methamphetamine into these environments where there's so much violence, so much abuse of alcohol, hopelessness, people dropping out of school. . . . [T]he defendant was off on the wrong track here from virtually day one, and as I said, he's taken a pistol and shot himself in the foot and then reloaded several times in addition. . . . In this case I find no reason to sentence outside the guidelines and I'm going to sentence the defendant within the federal guidelines sentencing range. . . . I realize that this defendant is receiving a longer[,] or is going to receive a substantially longer[,] sentence than some of these other people involved in this drug conspiracy, but he has caused that himself.

Given the district court's view of Burnette's actions, Burnette has not met his burden to prove a reasonable probability that he would have received a lighter sentence. *Cf.* ***Greene,*** ___ F.3d at ___, No. 07-1479, slip op. at 5 (remand for resentencing where

district court explicitly stated that it would have given a shorter sentence if it had the opportunity); ***United States v. Huff,*** ___ F.3d ___, ___ (8th Cir. 2008), No. 07-1500, slip. op. at 4 (8th Cir. Jan. 30, 2008) (same).

Burnette contends (in pre-*Gall* briefing) that it was improper to calculate the guidelines range, then consider whether a variance was warranted. This is a claim of procedural error, *see **Gall,*** 128 S.Ct. at 596-97, reviewed here for plain error. *See **Pirani,*** 406 F.3d at 550. There is no error, however, as this is the exact procedure that is required. *See **Gall,*** 128 S.Ct. at 596-97 (a district court should first calculate the applicable guidelines range, then, after hearing argument from the parties, consider whether the 3553(a) factors support a sentence requested by a party).

Burnette asserts that the district court did not adequately explain its reasons for a guidelines sentence. This, too, is a claim of procedural error, *see **Gall,*** 128 S.Ct. at 596-97, reviewed here for plain error. *See **Pirani,*** 406 F.3d at 550. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." ***Rita,*** 127 S.Ct. at 2468. The district court listened to all of Burnette's arguments supporting a non-guidelines sentence, discussed several 3553(a) factors including his criminal history, family history, employment, education, and the impact on Burnette's family. The district court then stated that it "considered all the factors set forth in 3553 and I do not believe this is an appropriate case for a variance." There is no error as this is enough to "satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." ***Rita,*** 127 S.Ct. at 2468.

Burnette argues that the district court considered an improper factor – his testimony at the Garcia sentencing. This is a claim of procedural error, reviewed here for plain error. *See **Pirani,*** 406 F.3d at 550. The district court did question why Burnette had testified at Garcia's sentencing. However, it did not "impose a greater sentence" because he exercised this right, as Burnette contends. The district court

simply stated that it had found Burnette not credible at that hearing, and that it also found him not credible at this hearing. The credibility of a defendant is a proper factor for a district court to consider. *See* **18 U.S.C. § 3553(a)(1)** (requiring district courts to consider the characteristics of the defendant). Therefore, there is no error.

Finally, Burnette attacks the sentence as unreasonable, essentially arguing that the district court did not give enough consideration to his arguments for a non-guidelines sentence. This addresses the substantive reasonableness of the sentence, and is reviewed for an abuse of discretion. *See Wiley,* 509 F.3d at 477. Burnette was found responsible for over 3,600 grams of meth, and to have lied at sentencing. Nothing in the record indicates that the district court abused its discretion, or that a 188 month sentence is unreasonable in this case. *See Gall,* 128 S.Ct. at 597 ("The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.").

III.

The judgment and sentence of the district court is affirmed.

_____