[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

No. 08-10461
Non-Argument Calendar

_____

D. C. Docket No. 07-20673-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FREDERICK HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2009)

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

William Frederick Hill appeals his 188-month sentence for possession with

intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §

841(a)(1).  Hill argues that his sentence is procedurally unreasonable because the district court failed to consider the factors enumerated in 18 U.S.C. § 3553(a) when it imposed his sentence.  We disagree and affirm his sentence.

I.

In August 2007, Hill was charged with four cocaine-related offenses.  He pleaded guilty to one offense:  possession with intent to distribute five grams or more of cocaine base.  In exchange, the government agreed to dismiss the remaining three offenses at sentencing and to recommend that Hill receive a reduction in his advisory guideline offense level for his acceptance of responsibility.  The district court accepted Hill's guilty plea, ordered a pre-sentence investigation report, and scheduled the matter for sentencing.

At sentencing, Hill acknowledged that he had no objection to the pre-sentence investigation report or its calculation of the advisory guideline range.  The parties jointly recommended that the district court sentence Hill to 188 months' imprisonment, the low end of the advisory guideline range.  The district court adopted that recommendation.  Hill did not object to the sentence or the

2

manner in which it was imposed.  The district court advised Hill that he had the right to appeal his sentence, which he does now.

## II.

We normally review the procedural reasonableness of a sentence for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 596-97 (2007).  But because Hill failed to raise his claim of procedural unreasonableness in the district court, we review it for plain error only.  See, e.g., United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007); United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008); United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006); United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006).

Under plain error review, Hill must establish that the district court committed an error, that the error was plain, and that the error affected his substantial rights.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If Hill establishes those facts, we may exercise our discretion to notice the forfeited error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  (internal quotation marks omitted).

Even if we assume that the district court committed plain error by neglecting to consider the section 3553(a) factors at Hill's sentencing, Hill cannot show that the error affected his substantial rights. For an error to do so, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 113 S. Ct. 1770, 1778 (1993); see also Rodriguez, 398 F.3d at 1299. Hill has neither alleged nor shown that the district court would have imposed a lower sentence had it explicitly considered the section 3553(a) factors, which is not surprising given that both parties recommended, and the district court adopted, a sentence at the extreme low end of the advisory guideline range. Because Hill cannot show that the error affected his substantial rights, his appeal must fail.

III.

Hill's sentence is affirmed.

AFFIRMED.