# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3332

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Roderick Dewayne Houston, | * | |
| | * | [UNPUBLISHED |
| Appellant. | * | |

_____

Submitted: April 16, 2012
Filed: April 23, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Roderick Houston pled guilty to possession with intent to distribute 50 or more kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced Houston within the Guidelines to 69 months' imprisonment. In doing so, the district court rejected Houston's motion for a health-related downward departure or variance. Houston appeals, asserting that his sentence is procedurally unsound and substantively unreasonable. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In April 2010, while executing a search warrant at Houston's residence, law enforcement officers recovered 71.31 kilograms of marijuana and located a closet containing a loaded .300 caliber rifle, $50,186 in drug proceeds, and drug distribution paraphernalia. The marijuana in Houston's residence had been delivered by a courier who, beginning in 2004, made between ten and twelve trips to pick up marijuana for Houston in Denver, Colorado. Based on such evidence, Houston was charged with possession with the intent to distribute 50 or more kilograms of marijuana, and possession of a firearm in furtherance of a drug trafficking crime. While on pretrial release, Houston tested positive for marijuana use on two separate occasions. Pursuant to a plea agreement, Houston pled guilty to the marijuana trafficking charge and the government moved to dismiss the firearm charge.

During sentencing, Houston requested a downward departure or variance from his advisory Guidelines range of 63 to 78 months' imprisonment based on his various and multiple health maladies. At the sentencing hearing, Houston's fiancée, a practical nurse, testified regarding Houston's condition, limitations, and daily routine. In addition, Houston presented the sworn statement of a retired official from the Federal Bureau of Prisons (BOP) outlining the treatment, facilities, and medication that would and would not be available to Houston in federal prison. In resistance to Houston's motion for a downward departure or variance, the government presented a letter from a current BOP physician/medical director who opined that, notwithstanding Houston's health problems, the BOP could meet his medical needs. The district court credited the BOP physician's opinion, denied Houston's motion, considered the sentencing factors under 18 U.S.C. § 3553(a), and sentenced Houston within the Guidelines range to 69 months' imprisonment. While doing so, the district court emphasized, among other factors, Houston's noncompliance during pretrial release and the aggravating facts underlying his drug-trafficking offense. Houston appeals, asserting that the district court erroneously denied his motion for a downward variance and that his sentence is substantively unreasonable.

To review Houston's sentence, we must ensure that the district court committed no significant procedural error and, if the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. United States v. Burnette, 518 F.3d 942, 945-46 (8th Cir. 2008). "Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court." Id. at 946.

Houston argues that the district court erred when it denied his motion for a downward variance[2] for two reasons. First, he contends that the district court operated under the mistaken belief that it could not grant a downward *variance* if it decided that a downward *departure* under U.S.S.G. § 5H1.4 was not warranted. See United States v. Charles, 531 F.3d 637, 641 (8th Cir. 2008) (discussing factors relevant to a physical-condition departure under U.S.S.G. § 5H1.4). We disagree. During the sentencing hearing, the district court asked Houston's attorney to clarify whether Houston was seeking a "downward variance or departure" based on his health issues. Houston's attorney responded, "I guess we're doing both." Later, the court recognized that it "ha[d] enormous power to depart or vary for medical reasons and for any other reasons that it can justify" but "decline[d] to vary downward or depart downward." The court also noted that Houston's noncompliance during pretrial release weighed against granting a downward variance. The district court's statements during the sentencing hearing reflect that it understood the distinction between variances and departures, and that it did not mistakenly believe that its variance decision was limited to a consideration of departure factors under § 5H1.4. Cf. United States v. Chase, 560 F.3d 828, 830-32 (8th Cir. 2009) (remanding for resentencing where the district court used the terms "variance" and "departure" interchangeably and made statements indicating that it believed its variance decision was bound by departure precedent). In addition, we have previously recognized that, although departure precedent does

---

[2]Houston concedes that we do not have authority to review the district court's denial of his motion for a downward departure. See United States v. Augustine, 663 F.3d 367, 374 (8th Cir. 2011).

not bind district courts' variance decisions, id. at 832, the considerations supporting the denial of a health-based downward departure may also support the denial of a downward variance. See Charles, 531 F.3d at 641. We perceive no error on this point.

Second, Houston argues that the district court denied his request for a downward variance based on "clearly erroneous" findings. In particular, he takes issue with the court's findings that: (1) prison will not be "more oppressive" for Houston than for a "normal prisoner"; (2) Houston will "not be subjected to more than the normal inconvenience or danger"; and (3) Houston's "physical condition will not have a substantial present effect on his ability to function." This is an alleged procedural error, which is subject to plain error review since Houston failed to object in district court. United States v. Reynolds, 643 F.3d 1130, 1134 (8th Cir. 2011). And, our review of the record reveals no error on this point, especially none that could overcome the rigors of plain error review. See Burnette, 518 F.3d at 947 (outlining defendant's burden under plain error review). The district court acted within its discretion when it credited the opinion of a BOP physician who assured the court that "the BOP has the necessary staff and resources to properly manage [Houston's] conditions," "[t]here is no reason Mr. Houston's medical needs cannot be met within the [BOP]," and Houston would receive "timely and appropriate care" within the BOP. The BOP physician's letter adequately supports the district court's findings and its ultimate conclusion that, "[a]lthough [Houston] has a number of medical conditions, none are such that they cannot be handled in the [BOP]."

Finally, after reviewing the sentencing record, we hold that Houston has failed to overcome the presumption of reasonableness we afford his within-Guidelines sentence. United States v. Blackmon, 662 F.3d 981, 988 n.6 (8th Cir. 2011).

Accordingly, we affirm the judgment of the district court.

_____