# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1603

_____

United States of America

*Plaintiff - Appellee*

v.

Santosh Ram

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 30, 2015
Filed: February 24, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Santosh Ram pleaded guilty to receiving child pornography, in violation of 18
U.S.C. §§ 2252(a)(2) and (b)(1), and the district court[1] sentenced him at the bottom

_____

[1]The Honorable Jimm Larry Hendren, then United States District Judge for the
Western District of Arkansas, took inactive status on January 1, 2015.

of the Guidelines range to 135 months in prison and 5 years of supervised release. On appeal, Ram's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Ram's sentence as substantively unreasonable. Following careful review, we find that the district court did not abuse its discretion in denying Ram's request for a variance, and that Ram's sentence is not unreasonable. See United States v. Acosta, 619 F.3d 956, 962–63 (8th Cir. 2010) (review of denial of request for downward variance); United States v. Jones, 701 F.3d 327, 330–31 (8th Cir. 2012) (when district court in sentencing defendant makes individualized assessment based on facts presented and addresses defendant's proffered information in considering 18 U.S.C. § 3553(a) factors, sentence is not unreasonable).

In pro se submissions, Ram raises additional arguments, all of which we reject. As to his challenge to the Guidelines computations, we note that at the sentencing hearing, Ram withdrew all of his objections to the presentence report's recommended Guidelines calculations, see United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) (defendant who withdraws objections to presentence report waives appellate arguments regarding those facts), and he has otherwise identified no plain error related to his sentence, see id. at 947 (under plain-error review, defendant has burden to prove procedural error that was plain and affects his substantial rights). Ram's ineffective-assistance claims are not properly raised in this direct appeal, see United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011) (claims of ineffective assistance are generally best litigated in collateral proceedings); and his claim of innocence, because it is a non-jurisdictional argument, is foreclosed by his guilty plea, see Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997).

Ram also argues that his sentence is unreasonable because the district court impermissibly considered Ram's race when fashioning his sentence. Ram names white inmates who, he says, faced similar charges yet received lower sentences. But he cites nothing in the record, other than the fact that he is a native of India, to support his argument. Without any evidence in the record to support this allegation,

we must reject Ram's claim.  See United States v. Boneshirt, 662 F.3d 509, 519 (8th Cir. 2011) (that defendant's sentence is longer than others sentenced for same crime does not, by itself, evince abuse of sentencing court's discretion).  Ram's remaining arguments are either raised for the first time on appeal, see United States v. Castellanos, 608 F.3d 1010, 1019 (8th Cir. 2010) (explaining general rule that court will not consider issues raised for first time on appeal), or are without merit and do not warrant further discussion.

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for review.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Ram about the procedures for seeking rehearing and filing a petition for certiorari.

_____