# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2370
_____

United States of America

*Plaintiff - Appellee*

v.

Walter Raul Villa

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: March 16, 2016
Filed: March 21, 2016
[Unpublished]
_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After the district court[1] accepted Walter Villa's guilty plea to a federal drug-conspiracy charge, the presentence report (PSR) recommended a career-offender

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Guidelines range of 262-327 months in prison. Villa objected to the career-offender designation, but, before sentencing, the parties reached an agreement under which Villa stipulated that he was a career offender. At sentencing, the court denied Villa's motion for a downward variance and sentenced him to 262 months in prison and five years of supervised release. Villa appeals, and his counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that the sentence is unreasonable. In a pro se supplemental filing, Villa argues that counsel was ineffective and that Villa should not have been sentenced as a career offender.

Having carefully reviewed the sentencing transcript, we find nothing to suggest that the district court abused its discretion in sentencing Villa, and we conclude that his bottom-of-the-range sentence is reasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (discussing appellate presumption of reasonableness); *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (appellate review of sentences). As to Villa's pro se arguments, he may not challenge his career-offender designation because he stipulated before sentencing that he was a career offender, *see United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008); *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995), and we will defer any ineffective-assistance claim to 28 U.S.C. § 2255 proceedings where the record can be sufficiently developed, *see United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005). Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.

The judgment is affirmed, and we grant counsel's motion to withdraw.

_____