BETH PHILLIPS, CHIEF JUDGE UNITED STATES DISTRICT COURT
Movant Candice M. McIntosh pleaded guilty to being a felon in possession of a firearm. Now before the Court is Movant's pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Doc. 1. Because the Court finds that the motion, files, and record conclusively show that Movant is not entitled to relief, Movant's motion is denied. Furthermore, a certificate of appealability is denied and this case is dismissed.
I. Background
On March 7, 2017, an indictment was returned in this Court charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Crim. Doc. 1. On March 20, 2017, Movant was arrested and made her initial appearance. Crim. Doc. 5. On March 23, 2017, Movant was ordered detained without bail pending trial. Crim. Doc. 13. On June 30, 2017, Movant requested bond, but that request was denied. Crim. Docs. 25-26.
On November 30, 2017, Movant appeared before this Court and pleaded guilty to the single count of the indictment. Crim. Doc. 37. On April 27, 2018, this Court sentenced Movant to 54 months' imprisonment. Crim. Docs. 62, 65. Movant did not appeal.
II. Legal Standard
Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this *789 statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." Anderson v. United States , 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States , 644 F.3d 700, 704 (8th Cir. 2011) (quoting Hill v. United States , 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ).
A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States , 341 F.3d 720, 722 (8th Cir. 2003) (citation omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. Blackledge v. Allison , 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).
III. Analysis
In her § 2255 motion, Movant seeks relief claiming her Sixth Amendment rights were violated when she was detained at CoreCivic in Leavenworth, Kansas, and her telephone calls and personal meetings with her defense counsel were recorded and then divulged to the prosecutor. Docs. 1, p. 4; 1-1, p. 1. Movant's claim, based on an alleged inquiry conducted by the United States District Court for the District of Kansas, contends that a sentence reduction was negotiated for defendants prosecuted in the District of Kansas, but that the Department of Justice would not agree to the reduction. Doc. 1-1, p. 1. Movant now asserts that she should receive a sentence reduction based on these facts. Id. at p. 2.
As set forth in Respondent's response, the allegation of recording of attorney-client communications stems from a case in the United States District Court for the District of Kansas, United States v. Black , No. 2:16-cr-20032-JAR. Doc. 5, pp. 3-5. The record in that case refutes Movant's allegations. A report filed by the Special Master determined that attorney-client conference rooms at CoreCivic (formerly known as the Corrections Corporation of America) in Leavenworth, Kansas, did record video, but not audio, of attorney-client meetings. Black , No. 16-20032-JAR, Doc. 214, p. 2. The report also noted that, although all calls are recorded, telephone numbers belonging to attorneys may be designated as "private" and then are not supposed to be recorded. Id. at 11. Although Movant was detained at CoreCivic prior to sentencing, neither Laine Cardarella, nor the Federal Public Defender's Office for the Western District of Missouri were identified in an earlier Special Master report as having been recorded. Id. at Doc. 187, p. 5.
Furthermore, Movant's arrest occurred after the initial investigation by the Special Master had concluded. As noted by Respondent, two initial reports were issued in December 2016, with two more reports following on January 31, 2017, and March 16, 2017, which were issued prior to Movant's arrest. Id. at 183, 187, 193, 214. Movant's claim therefore asserts that six months after a United States District Court commenced an inquiry into allegations of impropriety, CoreCivic continued to record and divulge attorney communications. However, Movant provides no evidence to support this allegation. This conclusory *790 allegation, which is unsupported by any evidence, is wholly incredible and insufficient to satisfy her burden in this case. Blackledge , 431 U.S. at 74, 97 S.Ct. 1621.
Lastly, since the allegations of impropriety predate Movant's prosecution, this claim is also waived by Movant's guilty plea. See United States v. Todd , 521 F.3d 891, 895 (8th Cir. 2008) ("A guilty plea waives all defects except those that are 'jurisdictional.' "); Walker v. United States , 115 F.3d 603, 604 (8th Cir. 1997) ("Stated differently, a valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.)' " (quoting United States v. Vaughan , 13 F.3d 1186, 1188 (8th Cir. 1994) ).
Thus, because Movant's claims are conclusory and found to be without merit, Movant's sole ground for relief is denied.
IV. Certificate of Appealability
Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.
V. Conclusion
Accordingly, for the reasons explained above, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED, and a Certificate of Appealability is DENIED. This action is dismissed.
IT IS SO ORDERED.