# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1653

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lawrence Cannon

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

——————————

Submitted: January 9, 2023
Filed: April 25, 2023
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

PER CURIAM.

On May 10, 2019, Lawrence Cannon and his cousin went to a nightclub in Jonesboro, Arkansas. In the early morning hours of May 11, an "extremely intoxicated" Cannon left the club and retrieved a handgun with an extended magazine from his vehicle. Security staff saw the gun and stopped Cannon from reentering the crowded club. He stated, "I have to protect my people." When an off-duty police

officer saw the gun and arrested Cannon, he said "I'm a felon. I have got a gun. I was trying to protect my people." Charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), Cannon pleaded guilty on the eve of trial.

The Presentence Investigation Report, to which neither party objected, determined that Cannon's base offense level is twenty-two, his total offense level is twenty based on a two-level adjustment for acceptance of responsibility, and his Criminal History Category is VI, resulting in an advisory guidelines sentencing range of 70-87 months imprisonment. In a Sentencing Memorandum, Cannon argued for a downward variance, in part because his offense behavior "arose solely from his desire to defend his cousin from harm." His intent was not "to argue justification" but to "explain in mitigation" that his actions arose from "a pure and lawful motivation." Early in the lengthy sentencing hearing, government counsel argued:

> Your Honor, it is the United States's position that the Defendant has not . . . fully accepted responsibility for this offense.
>
> The Defendant pled on the day of trial, on the morning of trial. And furthermore, in a sentencing memorandum filed yesterday at 5:15, the Defendant seems to attempt to mitigate or even equivocate some of the offense conducted, insofar as he is asking for leniencies, because the conduct was, in a way justified.

The district court[1] noted that neither pleading guilty the day before trial nor arguing for a lesser sentence based on mitigating circumstances is inconsistent with an acceptance of responsibility adjustment. The court overruled the government's objection, allowed Cannon a two-level adjustment, and determined that the advisory guidelines range is 70-87 months.

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

Cannon requested a downward variance, arguing as mitigating factors his belief that his offense conduct was justified by a concern for his cousin's safety in the nightclub, his intoxication and history of substance abuse, and his cooperation with police when arrested. The government requested an upward variance to 100 months imprisonment, citing the seriousness of the offense, Cannon's noncompliant pretrial record, drug use during probation, criminal history, and because "the United States believes that there hasn't been true remorse here, and there hasn't been a full admittance of guilt."

After hearing argument, the district court denied Cannon's request for a downward variance, and granted the government's request for an upward variance but not to the extent or for the reasons the government urged. The court explained that the offense conduct -- while inebriated, to "get a gun and try to bring it into a location with hundreds of people with the idea that you are going to either use it or scare people with it" -- "is among the most dangerous offense conduct there can be for a felon in possession." Cannon's criminal history suggested a "significant disrespect for the law" that was "getting worse, not better." Cannon did not present evidence supporting his mitigation argument, but in any event "certainly if you're a felon, but quite frankly if you are anybody, you cannot do what Mr. Cannon did." The court concluded that Cannon's mitigating circumstances were outweighed by his offense conduct and serious criminal history. The court said it "totally ignored" the way the government came to its 100-month request:

> I didn't think the two-[level] issue was something that I should concentrate on at all. What really affected me here was general deterrence and protection of the public, and the seriousness of the offense.

The court sentenced Cannon to 96 months imprisonment.

Cannon raises a single issue on appeal: "The sentence is procedurally unreasonable because the District Court granted the government's motion to vary premised on a subjective belief unsupported by any eviden[ce]," namely, that "Cannon's mitigation argument demonstrated a lack of remorse for his crime." This clearly erroneous finding "conflated mitigation with justification." Cannon did not raise this claim of procedural error at sentencing, so our review is for plain error. See United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008). But in any event, the contention is without merit because it misstates the sentencing record.

The district court granted the government's request for an upward variance but not for the reasons the government urged. The court made no reference to lack of remorse. The court expressly stated that it did not consider "the two-[level] issue," explaining at length its own reasons for imposing an upward variance to 96 months, reasons firmly grounded in the offense conduct, Cannon's criminal history and characteristics, and the 18 U.S.C. § 3553(a) sentencing factors. The court did not "conflate[] mitigation with justification," whatever that means. There was no procedural error, much less plain error.

The judgment of the district court is affirmed.

_____