# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3023

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Darren Alan Maurstad, | * | |
| | * | |
| Appellant. | * | |

_____

No. 05-3024

_____

Appeals from the United States
District Court for the
District of South Dakota.

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| David George Foote, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2006
Filed: July 19, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Darren Alan Maurstad and David George Foote pleaded guilty to conspiracy to possess methamphetamine with intent to distribute. Maurstad challenges the reasonableness of his sentence, and Foote alleges miscellaneous sentencing errors. We hold that Maurstad's sentence is reasonable, and we dismiss Foote's appeal due to the valid waiver of appeal contained in his plea agreement.

## I. *Background*

While traveling through South Dakota, Maurstad met Jamie Turkey in a bar. The two became romantically involved. Eventually, Maurstad moved in with Jamie and her family in Winner, South Dakota. After the couple secured their own residence, Chad Turkey, Jamie's brother, introduced Maurstad to a man named Southy Thepmontry. Thepmontry distributed methamphetamine in Winner and enlisted Maurstad to assist in the distribution. Maurstad permitted Foote and Jamie Turkey to distribute methamphetamine from his home.

At sentencing, the district court[1] attributed 10.5 grams of methamphetamine to Maurstad but not the additional quantities distributed by the other members of the conspiracy. The district court calculated an offense level of 15 and a criminal history category of VI. The resulting advisory Guidelines range was 41 to 51 months' imprisonment.

The district court then concluded that the Guidelines substantially underrepresented Maurstad's lengthy criminal history. Maurstad received 28 criminal history points, 15 more than what is required to reach a category VI criminal history, the highest possible category. Thus, the district court considered Maurstad's category VI criminal history "totally inadequate." The district court noted that Maurstad "has

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

been committing crimes since age 12 and has basically never stopped committing crimes," remarking that Maurstad "has spent the majority of his life in juvenile and adult correctional institutions." The district court also pointed out that Maurstad did not receive criminal history points for several of his prior offenses.

Applying the sentencing factors contained in 18 U.S.C. § 3553(a), the district court found that a sentence above the advisory Guidelines range was warranted based primarily on Maurstad's lengthy and underrepresented criminal record. Specifically, the court noted the need for Maurstad's sentence to deter such criminal conduct, protect the public from him, and rehabilitate him. (Sent. Tr. 19). The court decided that a 120-month sentence was reasonable under the circumstances. Maurstad appeals, arguing that his sentence is unreasonable.

Foote appeals his sentence, arguing that it exceeds the statutory maximum and violates the Sixth and Eighth Amendments to the United States Constitution. The advisory Guidelines range was 210 to 262 months' imprisonment, based on a total offense level of 32 and a criminal history of category VI, given his status as a career offender. However, the statutory maximum of 240 months' imprisonment capped the Guidelines range. The district court sentenced Foote to 240 months' imprisonment, ordering that his federal sentence begin to run after Foote served 18 months of a 10-year state sentence on a burglary conviction. The United States posits that Foote waived the right to appeal his sentence. In paragraph 15 of his plea agreement, Foote waived his right to appeal his sentence under 18 U.S.C. § 3742, excluding the right to appeal the reasonableness of his sentence if it exceeded the advisory Guidelines range. Foote counters that his sentence satisfies the narrow exception to the general rule enforcing appeal waivers set forth in *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003).

II. *Discussion*

A. *Maurstad's Sentence*

In sentencing a defendant, the district court should first calculate the advisory Guidelines range. *United States v. Sitting Bear*, 436 F.3d 929, 934 (8th Cir. 2006). Second, the district court should consider whether any departure is warranted under the Guidelines. *Id*. Third, the district court should consider the sentencing factors of 18 U.S.C. § 3553(a) and impose a reasonable sentence. *Id*. at 934–35. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Sebastian*, 436 F.3d 913, 915 (8th Cir. 2006). "[A]n abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a 'clear error of judgment.'" *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). Where a defendant's criminal history is substantially underrepresented by the Guidelines, an extraordinary upward departure or variance may be reasonable, provided that it is justified by extraordinary circumstances. *United States v. Lyons*, ___ F.3d ___, 2006 WL 1667635, at \*2 (8th Cir. 2006); *United States v. Kendall*, 446 F.3d 782, 785 (8th Cir. 2006); *United States v. Shannon*, 414 F.3d 921, 923–24 (8th Cir. 2005).

Maurstad's sentence withstands our reasonableness review. He has an extensive criminal history, spending most of his life in the penal system, either incarcerated or on parole. The district court characterized Maurstad's involvement with the penal system as "serving life imprisonment on the installment plan." His criminal behavior began at age 12 with several misdemeanor theft convictions and has escalated to include now (at age 34) several felony burglary convictions, an illegal weapon charge, domestic assault, forgery, and other theft-related convictions. Maurstad has often escaped or absconded from jail and work release, including a recent escape from state custody in 2004. Several times his parole has been revoked. Maurstad amassed 28 criminal history points, well beyond the 13 points required to classify him a category

VI offender, the highest listed Guidelines classification. In addition, several of his convictions resulted in no criminal history points under the Guidelines. Given Maurstad's longstanding criminal behavior and his resistance to rehabilitation, his case is analogous to our holdings in *Lyons*, 2006 WL 1667635, at \*2, and *Shannon*, 414 F.3d at 923–24. Therefore, we affirm his sentence as reasonable.

We note that the record is unclear whether the district court intended to impose an upward departure under the Guidelines or an upward variance outside of the Guidelines. In concluding the sentencing colloquy, the district court stated, "I'm going to impose what used to be called upward departure. I'm going to sentence [Maurstad] to 120 months of custody[.]" (Sent. Tr. 20). However, the court did not explicitly refer to the Guidelines departure provisions. While we reiterate that departures under the Guidelines should still be considered after *Booker*, *see Sitting Bear*, 436 F.3d at 934, we uphold Maurstad's sentence because the same considerations that render the upward variance reasonable could have also justified an upward departure under the Guidelines. *See Lyons*, 2006 WL 1667635, at \*2. The failure to explicitly consider a departure under the Guidelines represents clear but harmless error given the extraordinary circumstances present here that justify the extraordinary variance. *See Sitting Bear*, 436 F.3d at 935 (citing *United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005)).

## B. *Foote's Sentence*

Foote challenges his sentence in several respects, including an argument that his sentence exceeds the statutory maximum. We hold that Foote waived his right to appeal his sentence in his plea agreement with the United States. However, because a sentence that violates the statutory maximum is subject to the "miscarriage of justice" exception that precludes the enforcement of otherwise valid appeal waivers announced in *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc), we briefly address why the sentence imposed here does not exceed the statutory maximum. *See United States v. Schulte*, 436 F.3d 849, 850 (8th Cir. 2006) (stating that

an illegal sentence could result in a miscarriage of justice and render an appeal waiver unenforceable but that "any sentence imposed within the statutory range is not subject to appeal" (brackets, citations, and quotations omitted)).

18 U.S.C. § 3584(a) provides, in relevant part, that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." *See also* U.S.S.G. § 5G1.3(c) ("In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.").

Foote alleges that his sentence exceeds the statutory maximum because the district court elected to run the federal sentence concurrent with all but 18 months of his state sentence for burglary. This argument fails. Foote was subject to an undischarged term of imprisonment when he was sentenced by the district court. Consequently, the district court could order the sentences to run consecutively, concurrently, or partially concurrently. The fact that the district court elected to run the sentences concurrent in part does not change the fact that Foote was sentenced to no more than 240 months' imprisonment for the instant offense.

Because Foote's sentence is within the statutory range, the appeal waiver contained in his plea agreement is enforceable. *See Schulte*, 436 F.3d at 850. Consequently, we dismiss his appeal.

### III. *Conclusion*

We hold that Maurstad's sentence is reasonable because the Guidelines failed to adequately account for his extraordinary criminal history, supporting the extraordinary upward variance imposed by the district court. We further hold that Foote waived his right to appeal his sentence, and we dismiss his appeal.

_____