# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1950

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Sanford T. Link, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: November 16, 2010
Filed: January 25, 2011

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sanford Link pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to ninety months' imprisonment. Link appeals from the sentence, arguing that the district court[1] imposed an unreasonable sentence and failed to address fully the criteria enumerated in 18 U.S.C. § 3553. We affirm.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

Following Link's guilty plea and conviction, a presentence investigation report (PSR) was prepared. The PSR set forth Link's advisory sentence under the U.S. Sentencing Guidelines Manual (Guidelines) and recommended a sentence of thirty-three to forty-one months' imprisonment. Link did not object to the Guidelines calculation.

At the sentencing hearing, Link requested that the district court impose a sentence of thirty-three months and allow him to participate in the residential drug abuse program within the Federal Bureau of Prisons. The district court noted that Link's criminal history spanned twenty-three years and included eight driving while intoxicated (DWI) convictions, some of which were felonies, thirteen different assault or assault-type convictions, and thirteen interfering with police convictions. After considering the § 3553(a) factors, the district court stated that Link's criminal history was underrepresented in the advisory Guidelines range and determined a ninety-month sentence was appropriate.

On appeal, Link does not dispute the Guidelines calculation. He asserts that his ninety-month sentence is substantively unreasonable because it is almost three times the low-end of the advisory Guidelines range.[2]

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors

---

[2]Link also argues that the district court failed to refer to Guidelines § 4A1.3(a)(4) when it departed upward from the advisory Guidelines range. The district court did not depart from the Guidelines range. Instead, it varied upwards after considering the facts presented and the § 3553(a) factors. Link's argument thus fails.

but in weighing those factors commits a clear error of judgment." Id. (citation and quotations omitted).

Link contends that the district court failed to adequately address the § 3553(a) factors. Link argues that the district court gave too much weight to some factors, failed to consider other factors, and insufficiently weighed certain mitigating factors. We disagree. The district court stated it was imposing a sentence sufficient but not greater than necessary to comply with the purposes of § 3553(a). The district court addressed Link's history and characteristics, including his willingness to receive treatment under § 3553(a)(1). The district court noted Link's good behavior in court, as well as his problematic behavior described in the PSR. The district court described Link's "terrible alcohol problem" and "horrible" prior criminal history, including the DWI, assault, and interference convictions described above. See United States v. Maurstad, 454 F.3d 787, 789-90 (8th Cir. 2006) (affirming a substantial upward variance based on extensive criminal history). It found that Link had resisted treatment by walking out of halfway houses.

The district court also considered Link's alcohol addiction under its § 3553(a)(2) analysis. The district court discussed the need of the sentence to reflect the seriousness of Link possessing a gun as a felon with an alcohol addiction. The district court found that Link's assault of police officers on multiple occasions demonstrated a lack of respect for the law. It further expressed its responsibility to protect the public from Link's future crimes. It also considered the remaining § 3553(a) factors in its sentencing decision. The district court is not required to recite mechanically each § 3553(a) factor as long as it is evident that the district court considered them. United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006). The district court did not abuse its discretion in varying upward from the advisory Guidelines range.

This sentence is affirmed.

_____