# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3180

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Brian Elden Osborne, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 11, 2011
Filed: June 10, 2011

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Brian Osborne pled guilty to one count of conspiracy to manufacture and pass counterfeit currency, a violation of 18 U.S.C. § 371. Under the United States Sentencing Guidelines, Osborne's total offense level was 16 and his criminal history category was III, resulting in an advisory sentencing guidelines range of 27-33 months' imprisonment. Citing the probability of recidivism, the goal of protecting society, Osborne's level of culpability in the conspiracy, and the gravity of the

offense, the district court[1] sentenced him to 60 months' imprisonment, the statutory maximum. On appeal, Osborne argues that the district court erred procedurally by failing to consider a traditional departure under the guidelines before imposing an upward variance based on consideration of the 18 U.S.C. § 3553(a) factors. Osborne also argues that his resulting sentence is unreasonable. We affirm.

Because Osborne failed to object to the alleged procedural error at the time of sentencing, we review for plain error. *See, e.g.*, *United States v. Mireles*, 617 F.3d 1009, 1012 (8th Cir. 2010), *cert denied*, 562 U.S. ----, 131 S. Ct. 1512 (2011). Under this standard, the appellant bears the burden of proving that "the district court committed a legal error that was obvious and affected his substantial rights." *United States v. Marston*, 517 F.3d 996, 1002 (8th Cir. 2008). "An error affects a substantial right if it is prejudicial." *Mireles*, 617 F.3d at 1013 (quoting *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009), *cert denied,* 562 U.S. ----, 131 S. Ct. 74 (2010)). Additionally, the discretionary authority of this court to reverse the error will be exercised only where "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

We have held that failure to consider explicitly a departure under the guidelines is error. *United States v. Maurstad*, 454 F.3d 787, 790 (8th Cir. 2006). However, Osborne cannot show prejudice, *i.e.*, that he would have received a more favorable sentence had the district court performed a traditional departure analysis before considering the § 3553(a) factors. *See Mireles*, 617 F.3d at 1013. While Osborne argues only that the facts relied upon by the district court at sentencing would not have supported a traditional departure under U.S.S.G. § 4A1.3, the district court's discretion under § 3553(a) "is not limited solely to circumstances that the formerly

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

mandatory guidelines framework would have deemed permissible bases for departure." *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005). In other words, the district court could have performed the same § 3553(a) analysis even if it expressly had found no grounds for a § 4A1.3 departure. Because Osborne has not met his burden to show that he would have received a lower sentence but for the district court's procedural error, his argument fails.

Osborne also contends that his sentence is unreasonable. "We review the reasonableness of a sentence for an abuse of discretion." *Maurstad*, 454 F.3d at 789. "A discretionary sentencing ruling . . . may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

First, Osborne asserts that the district court gave improper weight to his prior criminal history because the guidelines already accounted for that factor. However, "a district court may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts." *United States v. Jones*, 509 F.3d 911, 914 (8th Cir. 2007). Here, the district court found that only prison stints had interrupted Osborne's habitual criminal activity and that imprisonment appeared to be the only effective method of protecting society from him. The district court's decision to give these facts additional weight was not outside the permissible range of choice in this case. *See Haack*, 403 F.3d at 1004.

Next, Osborne asserts that the disparity in sentencing between himself and his co-conspirators was unreasonable. *See* § 3553(a)(6). However, the district court found that Osborne was not similarly situated to his co-conspirators due to Osborne's

leadership of the conspiracy. Notably, a co-conspirator with no leadership role already had received an above-the-guidelines sentence of 48 months. Under these circumstances, Osborne's statutory maximum 60-month sentence does not represent a clear error in judgment. *See United States v. Frausto*, 636 F.3d 992, 997-98 (8th Cir. 2011) (holding that a defendant who played a "unique role" in a conspiracy was not similarly situated with his co-conspirators for sentencing purposes).

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____