# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3341

_____

United States of America,  $\qquad$ *

$\qquad\qquad$ *

$\qquad$ Plaintiff - Appellee,  $\quad$ *

$\qquad\qquad\qquad\qquad$ * Appeal from the United States

$\qquad$ v.  $\qquad\qquad\qquad$ * District Court for the

$\qquad\qquad\qquad\qquad$ * Eastern District of Missouri.

William Lavon Carter,  $\qquad$ *

$\qquad\qquad\qquad\qquad$ * [UNPUBLISHED]

$\qquad$ Defendant - Appellant.  $\quad$ *

_____

Submitted: April 11, 2011
Filed: August 15, 2011

_____

Before WOLLMAN and MELLOY, Circuit Judges, and MILLER,[1] District Judge.

_____

MILLER, District Judge.

William Lavon Carter appeals from his sentence of 72 months imprisonment imposed after his conviction for fraudulent use of unauthorized access devices. See 18 U.S.C. § 1029(a)(2), (b)(1). He contends that the district court[2] committed procedural errors and that the sentence imposed is substantively unreasonable. We affirm.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

## I.

From July 2008 through March 2010, Carter fraudulently purchased merchandise and gift cards from home improvement stores Lowe's and Home Depot. On July 16, 2010, he pleaded guilty to one count of fraudulent use of unauthorized access devices in violation of 18 U.S.C § 1029(a)(2). Under the United States Sentencing Guidelines (guidelines), Carter had a total offense level of 15 and a criminal history category of V, resulting in an advisory sentencing range between 37 and 46 months imprisonment.

The presentence investigation report (PSR) revealed that Carter had an extensive history of theft and fraud. Included in this history was a similar 2004 conviction for fraudulent use of unauthorized access devices. For that conviction, Carter received eighteen months incarceration and two years of supervised release. Less than six months after his release from incarceration for that offense, Carter's supervised release was revoked for a new theft and for failure to make restitution payments. After serving out the remainder of his supervised release term in prison, Carter was released from custody on November 29, 2007. Six months after release, he began the criminal activity for which he was convicted in the case underlying this appeal.

At sentencing, the district court determined that the guidelines "woefully understate[d] the appropriate sentence." It noted Carter's extensive criminal history, and decided that "there's a need to protect you—or to protect society from you. It's the same kind of offenses that you keep committing over and over, only this time it's a lot worse because of the sheer volume of money involved." Citing just punishment, general deterrence, and incapacitation, the district court varied from the guidelines, sentencing Carter to 72 months imprisonment. Carter appeals, raising procedural error and substantive unreasonableness.

II.

We review the sentence imposed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting our analysis we must first ensure that the district court did not commit a significant procedural error. Id. We then review the sentence itself for substantive reasonableness. Id.

A.    Procedural Error

Carter argues that the district court committed two procedural errors: (1) it varied upwards based on an understated criminal history without first considering a traditional departure under § 4A1.3 of the guidelines; and (2) it failed to adequately justify or explain the extent of the variance.

To follow the appropriate sentencing procedure, the district court should first accurately calculate the defendant's advisory guidelines range and "provide both parties with an opportunity to explain their desired sentence." United States v. Statman, 604 F.3d 529, 533 (8th Cir. 2010). Second, the district court should consider whether a traditional departure is warranted under the guidelines. United States v. Sitting Bear, 436 F.3d 929, 934 (8th Cir. 2006). Third, the district court should consider the 18 U.S.C. § 3553(a) factors and determine the appropriate sentence based on the facts of the case. Id.

Carter concedes that the district court properly calculated the advisory guidelines range, but argues that the district court erred by not considering a traditional departure under § 4A1.3 of the guidelines before deciding on a substantial variance. Although we have held that a failure to explicitly consider a departure under the guidelines is an error, we do not believe that the error is reversible under the facts of this case. See United States v. Maurstad, 454 F.3d 787, 790 (8th Cir. 2006).

The same factors that justified the variance could similarly justify a traditional departure under the guidelines. Id. at 790. Likewise, the district court could impose the variance even if it found that no grounds for a traditional departure. United States v. Hadash, 408 F.3d 1080, 1083–84 (8th Cir. 2005). Nothing in the record indicates that the district court would have ruled differently had it explicitly considered a departure under § 4A1.3. The record does, however, show that the district court clearly and explicitly considered the specific characteristics of Carter and his offense in light of the § 3553(a) factors and imposed the sentence based on those characteristics. Given the facts of Carter's case, the district court's failure to consider a traditional departure before varying was not a reversible error.

Carter also contends that the district court erred by failing to explain the extent of the variance. We disagree. In explaining the reasons for a particular sentence, our precedent requires a district court to provide "substantial 'insight into the reasons for its determination.'" United States v. Feemster, 572 F.3d 455, 463 (8th Cir. 2009) (citing United States v. Kane, 552 F.3d 748, 756 (8th Cir. 2009) (reversed on other grounds)). At sentencing, the district court discussed Carter's extensive criminal history, noted the similarity between his various convictions, and pointed out that his prior sentences had not deterred his criminal conduct. Applying the § 3553(a) factors, the district court then determined that a substantial upward variance from the guidelines was required to protect society from Carter's escalating criminal conduct and to satisfy the objectives of just punishment and general deterrence. These considerations provide substantial insight into the reasons for the 72 month sentence.

As to the sufficiency of the district court's explanation, we have rejected any requirement that a district court must justify the degree of the variance with mathematical certainty. See United States v. Burns, 577 F.3d 887, 895 (8th Cir. 2009). A district court must, however, "give serious consideration to the extent of any departure from the guidelines" and explain with sufficient justification the prudence of an unusually lenient or harsh sentence. Gall, 552 U.S. at 46. The district court's

discussion of Carter's criminal history and the § 3553(a) factors provided adequate justification for the 72 month sentence.

B.      Substantive Reasonableness

We review the substantive reasonableness of the sentence under an abuse of discretion standard. Gall, 552 U.S. at 51. Although the sentence imposed by the district court varies substantially from the guidelines range, we do not presume it unreasonable. Id. Rather, we give deference to the district court's determination that the § 3553(a) factors justify the sentence. Ferguson v. United States, 623 F.3d 627, 631 (8th Cir. 2010). A district court "abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007).

Carter contends that his sentence is substantively unreasonable because it falls far outside the range of sentences imposed on similarly situated defendants. To support this contention, Carter cites statistics indicating that his sentence is almost double the average sentence of defendants in the same criminal history category convicted of similar crimes. This argument is unpersuasive. The district court specifically found that the particulars of Carter's criminal history differentiated him from other defendants within the same criminal history category. As such, statistics on the sentences of defendants in the same criminal history category are inapposite. A district court is required to sentence the defendant on the facts of his own case, and that is exactly what the district court did when it considered Carter's criminal history.

Additionally, the need to avoid unwarranted sentencing disparities is only one of the § 3553(a) factors that a sentencing court must consider. See 18 U.S.C. § 3553(a)(2). Given the facts of Carter's case, we cannot say that the district court

abused its discretion by giving significant weight to considerations of deterrence, incapacitation, and the criminal history of the defendant. The district court decided that these considerations distinguished Carter from other defendants convicted of similar crimes. This decision is supported by the facts.

Based on this record, we conclude that the sentence of 72 months is substantively reasonable.

III.

Accordingly, we affirm the sentence imposed by the district court.

_____