# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2610

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Wendell C. Woods, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 17, 2012
Filed: March 12, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Wendell Woods pleaded guilty to six counts of assaulting a federal employee in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court[1] sentenced Woods to 102 months' imprisonment. Woods challenges his sentence on three procedural grounds and appeals his sentence as substantively unreasonable. We affirm.

---

[1]The Honorable Kathryn H. Vratil, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

I

On the afternoon of March 4, 2010, Woods parked his car in a no-parking zone in front of the United States Courthouse for the Western District of Missouri in Kansas City, Missouri. He entered the courthouse and asked the court security officers for assistance, yelling obscenities and claiming he was a victim of a murder conspiracy. The officers told Woods they could not help him and asked him to leave. Woods refused. Two officers attempted to escort him out. After Woods exited on his own, the officers reported it appeared as if Woods was running towards the building to kick in the glass windows. At that point, the two officers wrestled Woods to the ground and placed him in handcuffs. A third officer responded to assist. The first two officers suffered injuries. Woods grabbed the third officer's tie, pulled the officer close, and attempted to bite the officer. This incident served as the basis for three assault counts.

Prior to towing Woods's vehicle, the officers recovered an unregistered rifle from under the front seat. As a result, Woods was also charged with possession of an unregistered firearm. During a later interview at a Kansas City police station, Woods further assaulted three United States Marshals, all of whom sustained injuries. Three more assault charges resulted.

The district court held two sentencing hearings. In the first hearing, the court ultimately determined Woods's Guideline Adjusted Offense Level to be 21. Woods's criminal history category III thus directed an advisory Guidelines range of 46–57 months. The court then orally pronounced a sentence of 102 months, based on its desire to sentence Woods twelve months for each of the six assault victims and thirty months for the firearm count. Importantly, during the first hearing, Woods demonstrated conduct indicating he may not deserve the three-level reduction for an acceptance of responsibility. In response to Woods's behavior, prior to adjournment, and upon the government's motion, the court indicated it would not enter a judgment

based on the orally pronounced sentence. The court then called a recess. After briefing, the court issued an order in which it took away Woods's reduction for acceptance of responsibility.[2]

In the second hearing, without a reduction for an acceptance of responsibility, the court indicated Woods's Guideline Adjusted Offense Level would change to 24. In that case, Woods's criminal history category of III directed a Guidelines range of 63–78 months. The court, however, did not change its sentencing decision: "I am convinced upon reflection that even with defendant's lack of accepting responsibility, that a 102-month sentence would be sufficient but not greater than necessary to meet all the objectives of the federal sentencing law." Sen. Tr. June 1, 2011, at 8. Woods appeals.

## II

"We review for clear error the district court's findings of fact and apply *de novo* review to the district court's interpretation and application of the Guidelines." United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008). In reviewing a sentence, we "'must first ensure that the district court committed no significant procedural error.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the guidelines range requires a remand for resentencing." Spikes, 543 F.3d at 1023 (internal quotation marks and citation omitted). However, a district court's Guidelines computation error is harmless if the government can show the "procedural error did not substantially influence the outcome of the sentencing

---

[2]On appeal, Woods does not challenge the district court's power to revoke a sentence after oral pronouncement.

proceeding." United States v. Walker, 555 F.3d 716, 722 (8th Cir. 2009) (internal quotation marks and citation omitted).

Woods first contends, and the government concedes, that the district court committed procedural error when it applied a two-level enhancement for possession of a destructive device pursuant to the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(3)(B). Without the application of the two-level enhancement, and in light of the combination rules prescribed in U.S.S.G. § 3D1.4, Woods's correct Guideline Adjusted Offense Level should have been 20 (not 21) with the acceptance of responsibility, or 23 (not 24) after the court removed the reduction for acceptance of responsibility. In conjunction with a criminal history category III, the resulting custody ranges should have either been 41–51 months, or 57–71 months, respectively.

We conclude, however, that in this case the court's procedural error was harmless. The record clearly indicates the district court intended to sentence Woods to 102 months—twelve months for each assault and thirty months for the firearm offense—regardless what the Guidelines recommended. This conclusion is especially apparent in light of the court's repeated references to a 102-month sentence not only in the first hearing, in which the court understood the Guidelines to recommend a 46–57 month custody range, but also in the second hearing, in which the court believed the Guidelines recommended a 63–78 month custody range. Compare United States v. Goodyke, 639 F.3d 869, 875 (8th Cir. 2011) ("That the district court wanted to get to a seventy-five-month sentence is fairly obvious from the transcript."), and United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir. 2011) (concluding any error was harmless because the record clearly indicated the district court would have imposed the same sentence, regardless of the error), with United States v. Williams, 627 F.3d 324, 329 (8th Cir. 2010) ("[T]he procedural error was not harmless because the district court did not articulate any alternative sentence, and there is no clear indication on the record that the district court would have imposed

-4-

the same sentence if the defendant's legal argument had prevailed[.]") (internal quotation marks and citation omitted), and United States v. Lyons, 556 F.3d 703, 709 (8th Cir. 2009) ("[T]here is no clear indication in the record that the district court would have imposed the same sentence if it had used the correct advisory range as the starting point for its analysis.").

For his second procedural challenge, while "[r]ecognizing that U.S.S.G. § 3D1.2 specifically excludes all offenses in Chapter 2A [i.e., the assault offenses] from being grouped together," Woods nonetheless asserts the district court's failure to group the assault charges pursuant to U.S.S.G. § 3D1.2 was error. Appellant's Br. at 18. Thus, in essence, Woods challenges the Guidelines themselves. We decline to address the propriety of the Guidelines, and hold the court committed no procedural error when it applied the grouping rules.

Woods finally asserts the court procedurally erred in failing to appropriately distinguish between a departure and a variance. Specifically, Woods alleges the court erred by failing to determine whether a traditional departure was warranted before considering a variance, and also erred by failing to identify whether it was "departing" or "varying" in reaching a sentence outside the Guidelines range. Because Woods failed to object to the district court's procedure below, our review is limited to plain error. See United States v. Mireles, 617 F.3d 1009, 1012 (8th Cir. 2010). For Woods to show plain error, he must prove "the district court committed a legal error that was obvious and affected his substantial rights." United States v. Marston, 517 F.3d 996, 1002 (8th Cir. 2008). "An error affects a substantial right if it is prejudicial." Mireles, 617 F.3d at 1013 (internal quotation marks and citation omitted).

To the extent Woods argues the court erred by failing to calculate a departure before varying, we find any alleged error harmless. We have held that failure to explicitly consider a departure under the Guidelines is error. United States v.

Maurstad, 454 F.3d 787, 790 (8th Cir. 2006). However, Woods's failure to demonstrate prejudice—i.e., that he would have received a more favorable sentence had the district court conducted a traditional departure analysis prior to considering the § 3553(a) factors—defeats his claim. See Mireles, 617 F.3d at 1013.

Similar factors may justify either a variance or a traditional departure. Maurstad, 454 F.3d at 790. "The distinction [between a variance and a departure] is immaterial, however, where, as here, the district court appropriately considered and explained the relevant § 3553(a) factors." United States v. Richart, 662 F.3d 1037, 1048 (8th Cir. 2011). In considering Woods's sentence, the court discussed various reasons why a Guidelines sentence was inappropriate. The court voiced its concern the grouping rules failed to adequately account for the number of victims and the nature of their injuries. Further, the court stated a higher sentence was necessary for adequate deterrence and public protection in light of Woods's personal history and characteristics, including his past problems with law enforcement, assaultive behavior, poor educational background, failure to support his children, danger he posed to the community, need for vocational training, and substance abuse and anger management counseling. Based on these facts, we do not find that the district court's failure to consider a traditional departure prior to considering the § 3553(a) factors is reversible error.

To the extent Woods argues the court conflated the terms "departure" and "variance," we find no error. The record shows the court did at times refer to its decision to impose a sentence above the Guidelines range as justified either as a "variance and/or departure." However, the record is also clear the court understood the difference between the two, and had the authority, under either, to impose a sentence above the Guidelines range. Compare United States v. Spotted Elk, 548 F.3d 641, 670 (8th Cir. 2008) (finding no legal error when the court's discussion occasionally referred to a departure and variance at the same time since some of the

same factors were urged as relevant in both regards), with United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009) (finding error when "the district court improperly equated a downward variance with a downward departure [which] suggest[ed] the district court did not properly exercise its discretion in considering [the defendant's] motion for a downward variance").

III

Finally, woods asserts his sentence is substantively unreasonable. He claims the district court gave too much weight to his misdemeanor and arrest history, while not giving enough consideration to the fact he did not possess the firearm in conjunction with the offense or to his ultimate acceptance of responsibility. He contends a lesser sentence would achieve just punishment and afford adequate deterrence under the circumstances of the case.

In the absence of reversible procedural error, we next "'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" Feemster, 572 F.3d at 461 (quoting Gall, 552 U.S. at 51).

> A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment.

United States v. Gant, 663 F.3d 1023, 1031 (8th Cir. 2011) (internal citation marks and quotation omitted). "On abuse-of-discretion review, we give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." Id. at 1032.

While the district court imposed a sentence above the Guidelines range, we cannot say it was substantively unreasonable. As noted above, the court considered Woods's past problems and multiple encounters with law enforcement "with no meaningful consequences," his prior assaultive behavior, poor educational background, failure to support his children, danger he posed to the community, need for vocational training, and substance abuse and anger management counseling, and the need to promote respect for the law and deter future conduct. Further, the court expressly stated Woods's post-offense conduct during the first sentencing hearing did not play a role in its sentencing decision, a statement supported by the fact the court chose to keep the same sentence in both proceedings. Because the court adequately explained its reasoning and properly weighed the § 3553(a) factors, we find no abuse of discretion.

## IV

Accordingly, the district court's sentence is affirmed.

_____