# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 15-2820

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Kassim L. Aquil

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: April 14, 2016
Filed: May 4, 2016
[Unpublished]

————————

Before GRUENDER, BRIGHT, and KELLY, Circuit Judges.

————————

PER CURIAM.

Kassim Aquil (Aquil) appeals the 108-month sentence he received after pleading guilty to being a felon in possession of ammunition in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2). Aquil contends the district court[1] relied upon inaccurate facts in selecting the sentence, failed to consider certain mitigating factors, and imposed a substantively unreasonable sentence. We affirm.

Aquil's firearm charge arose out of an encounter in which a Kansas City police officer became concerned for Aquil's safety after seeing him stumbling into a street in an apparent intoxicated state. Aquil fled when the police officer approached to talk to him, however, and the encounter ultimately led to Aquil's arrest. In a search conducted incident to arrest, a police officer found Aquil – a seven-time convicted felon – in possession of a fully-operable antique firearm loaded with one live round of .38 caliber ammunition. Aquil pled guilty to a one-count indictment for being a felon in possession of live ammunition.

At sentencing, the district court calculated an advisory Guidelines range of 77 to 96 months based on an offense level of 21 and a criminal history category of VI. Aquil's counsel asked the district court to vary downward from the advisory Guidelines range and impose a sentence between 15 and 21 months. Aquil's counsel argued mitigating factors made a variance appropriate, including Aquil's traumatic upbringing (both physical abuse and sexual molestation as a child), and Aquil's need for intensive mental health counseling and treatment (resulting from an addiction to phencyclidine (PCP), depression, anxiety, and bipolar disorder). The district court instead chose to vary upward from the advisory Guidelines range and imposed a 108-month sentence. In a lengthy explanation, the district court referred to Aquil's extensive criminal history, his drug and alcohol abuse, the danger he presented to the community, his continued pursuit of criminal activity while on probation and supervision, and the need to deter others, as the reasons for an upward variance.

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

Reviewing the sentence to determine whether the district court committed any procedural sentencing errors, see, e.g., United States v. Callaway, 762 F.3d 754, 758-59 (8th Cir. 2014), we reject Aquil's contention that the district court relied upon an inaccurate factual basis by speculating Aquil was likely intoxicated on PCP at the time of the offense. Our review of the record shows the district court focused on Aquil's *intoxication* at the time of the offense (a point he does not contest), rather than the specific *intoxicant*, as the reason for imposing an upward variance. (See Sent'g Tr. 15 (finding the sentence needed to protect the public from a "seven time, now eight time convicted felon walking around in the neighborhoods, high, drunk or whatever [he was] with a gun and ammunition in [his] pocket")).

Reviewing the sentence for substantive reasonableness, see, e.g., United States v. Woods, 670 F.3d 883, 888 (8th Cir. 2012), we reject Aquil's contentions that the district court improperly disregarded certain mitigating factors and chose a substantively unreasonable sentence. The record shows the district court considered the mitigating factors, examined all the sentencing factors under 18 U.S.C. § 3553(a), did not analyze any improper factors, and gave an explanation of the factors it found were most relevant in determining the ultimate sentence. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). We, therefore, find no basis for concluding the sentence chosen by the district court is substantively unreasonable.

For the reasons stated, we affirm the district court.

_____