# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3028

_____

United States of America

*Plaintiff - Appellee*

v.

Zwannah Ahamadu Sarnor, also known as Z

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: June 13, 2022
Filed: August 2, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Zwannah Ahamadu Sarnor pled guilty to conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 846. The district court sentenced him above the guidelines to 210 months in prison. He

appeals the sentence.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms[1].

Sarnor's guideline range was 121 to 151 months.  The district court described the sentence as both a departure and a variance, saying that "Certain factors weigh in favor of an upward variance," and "I am therefore going to depart from the Sentencing Guideline range upward."  Sarnor did not object.  He now challenges the lack of notice by the court to depart from the guidelines as required by Fed. R. Crim. P. 32(h).  He also argues the court used facts not in the record as the basis for the departure.  The government argues the sentence was a variance, and Rule 32 does not apply.

Because Sarnor did not object at sentencing to the departure or the variance, this court reviews for plain error.  *United States v. Mireles*, 617 F.3d 1009, 1012 (8th Cir. 2010).  Under plain error analysis, Sarnor must show an error, that was plain, that affected substantial rights, and seriously affected the "fairness, integrity, or public reputation of judicial proceedings."  *Id*. at 1012-13.  "An error affects a substantial right if it is prejudicial."  *Id*. at 1013, *citing United States v. Olano*, 507 U.S. 725, 734 (1993).  "A sentencing error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error." *Id*.

It is not clear that the district court procedurally erred here because it referenced both grounds for a departure and for a variance, thoroughly discussing the 18 U.S.C. § 3553(a) factors.  *See United States v. Washington*, 515 F.3d 861, 866–67 (8th Cir. 2008) (holding "no significant procedural error" when the district court described its sentence as a "variance or upward departure" and "appropriately considered the relevant factors of § 3553(a)" and adequately explained the variance).  However, even assuming the court erred in failing to give notice as required by Rule

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

32, any error was harmless and did not affect substantial rights because nothing shows the sentence would have been less had the court given notice of its intent to depart. *See United States v. Quiver*, 925 F.3d 377, 381 (8th Cir. 2019) (holding that "any procedural error in imposing an upward departure . . . would have been harmless because the district court justified its decision to impose a sentence above the advisory guideline range by referencing both the ground for departure and 18 U.S.C. § 3553(a), and the court appropriately considered and explained the relevant § 3553(a) factors" (cleaned up)). The sentence was properly based on § 3553(a) factors and facts in the record.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____