# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2916

_____

United States of America

*Plaintiff - Appellee*

v.

Edwin Giovanni Salinas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: March 19, 2026
Filed: May 7, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

On November 26, 2022, law enforcement officers stopped Berta Gonzales for speeding. The defendant in this case, Edwin Salinas, was riding with her. After Gonzales pulled over, the officers asked for her name, and she gave them a false one. When they discovered this, they arrested her and called a tow truck, since Salinas's driver's license was revoked. While the officers waited for the tow truck, they

conducted an inventory search of Gonzales's car and discovered a backpack containing approximately 16 pounds of fentanyl.

A grand jury indicted Gonzales and Salinas for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute a controlled substance, in violation of § 841(a)(1). Gonzales entered a written plea agreement by which she pled guilty to count one but count two was dismissed. Salinas did not enter a plea agreement, so his case proceeded to trial. Gonzales testified against Salinas, claiming he asked her "[t]o give him a ride . . . because he was going to visit his family" and that the backpack and drugs were his. Gonzales also testified that Salinas told her, while the two were being transported to a pretrial hearing, that she "should have never pointed that backpack towards [him]." The jury found Salinas guilty of both counts, and the district court[1] sentenced him to 365 months of imprisonment after we vacated the life sentence it initially imposed and remanded for resentencing. *See United States v. Salinas*, 132 F.4th 1083, 1094 (8th Cir. 2025). Salinas now appeals his 365-month sentence, arguing the district court incorrectly calculated his Guidelines range by applying an obstruction of justice enhancement based on his statement that Gonzales "should have never pointed that backpack towards [him]" and that his sentence was substantively unreasonable. We affirm.

Starting with Salinas's Guidelines range, we review the district court's calculation of the defendant's Guidelines range de novo and the factual findings underpinning the calculation for clear error. *See United States v. Peithman*, 917 F.3d 635, 653 (8th Cir. 2019). The district court applied a two-level obstruction of justice enhancement to Salinas's base offense level pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (U.S. Sentencing Comm'n 2024). This section states,

> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels.

The application notes clarify that "this adjustment applies" if the defendant engaged in certain covered conduct, including "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." § 3C1.1 cmt. n.4(a).

At Salinas's sentencing hearing, the district court made a factual finding that Salinas had either attempted to threaten or threatened Gonzales to influence her testimony when he told her she "should have never pointed that backpack towards [him]." As a result, it concluded that the obstruction enhancement applied. Salinas argues this was error because his statement was merely "an expression of disappointment that someone pointed the finger towards him," rather than a threat. This is a close call. Salinas's statement could be construed as he suggests. But it could also be understood as threatening Gonzales to stay quiet about who owned the backpack, as the district court found, since this case was already pending, ownership of the backpack was the main issue, and Gonzales was the key witness against Salinas on this point. The district court also specifically noted that Gonzales testified "she felt threatened and was frightened by what [Salinas] said to her." *See United States v. Vera-Guiterrez*, 964 F.3d 733, 737 (8th Cir. 2020) (affirming application of the obstruction enhancement where the district court credited a witness's testimony that he "felt threatened and frightened by [the defendant's] statement").

Having carefully considered this issue, we cannot say the district court's finding that Salinas attempted to threaten or threatened Gonzales to influence her testimony is clearly erroneous. *See Schaub v. VonWald*, 638 F.3d 905, 920 (8th Cir. 2011) ("If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). As a result, the district court did not err by applying the obstruction of justice enhancement and it calculated Salinas's Guidelines range correctly. *See United States v. Boen*, 59 F.4th 983, 997 (8th Cir.

2023) (affirming application of the obstruction enhancement where the district court found the defendant attempted to influence a witness's testimony); *United States v. Behler*, 14 F.3d 1264, 1273 (8th Cir. 1994) (same).[2]

Turning to Salinas's second issue, "[w]e review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Carnes*, 22 F.4th 743, 750 (8th Cir. 2022). The district court correctly calculated Salinas's Guidelines range as 360 months to life imprisonment, and the 365-month sentence it imposed is near the bottom of this range. We may therefore presume Salinas's sentence is reasonable. *See United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). Additionally, district courts possess "broad discretion 'to weigh the § 3553(a) factors and assign some factors greater weight than others.'" *United States v. Still*, 6 F.4th 812, 819 (8th Cir. 2021) (quoting *United States v. Cross*, 888 F.3d 985, 993 (8th Cir. 2018)). The district court found, in this instance, that Salinas "had enough fentanyl to kill 500,000 people" and that this was one of "the biggest drug bust[s] in the history of South Dakota." Considering these findings, which Salinas does not contest on appeal, and the presumption mentioned above, we conclude Salinas's sentence was substantively reasonable.

Consequently, we affirm the district court's judgment.

_____

_____

[2]The district court also stated it would have imposed the same 365-month sentence, "regardless of what the [G]uidelines say." So even if the district court had wrongly applied the enhancement, any error would have been harmless. *See United States v. Woods*, 670 F.3d 883, 887 (8th Cir. 2012) ("[I]n this case the court's procedural error was harmless. The record clearly indicates the district court intended to sentence Woods to 102 months . . . regardless what the Guidelines recommended.").